IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30846
Conference Calendar
_____


ALCY JOSEPH, JR.,

                                        Plaintiff-Appellant,

versus

RAQUEL LEWIS, TROY SELF,
C.M. SMOTHERS, CONLEY MARTIN,

                                        Defendants-Appellees.



- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CV-1874
- - - - - - - - - -
(October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

        Alcy Joseph, Jr. appeals the 28 U.S.C. § 1915(d) dismissal
of his civil rights complaint.  A complaint filed in forma
pauperis may be dismissed if the complaint is frivolous.  28
U.S.C. § 1915(d); Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

        A plaintiff must allege and prove two elements to recover
under § 1983: 1) deprivation of a right secured by the
Constitution or laws of the United States, and 2) that the

---

        [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

defendant acted "`under color of state law.'" Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th. Cir. 1994).

Joseph alleges that Raquel Lewis committed slander by falsely calling him a Muslim because he does not eat pork. Joseph makes no allegation that any "stigma" occurred or that he was deprived of a constitutional right. See San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 701-02 (5th Cir. 1991); Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988). Thus, Joseph's slander claim against Lewis is insufficient to establish § 1983 liability.

Joseph alleges that Conley Martin committed slander by accusing him of using profanity and that he lost his canteen privileges as a result of the false accusations. Joseph alleged that Troy Self "fail [sic] to provide adequate service when handling policy administer [sic]," failed to follow institutional policy and exercised favoritism.

Joseph failed to allege that Martin's or Self's actions deprived him of a constitutional right to entitle him to relief under § 1983.

Joseph alleges § 1983 liability against C.M. Smothers for the actions of his subordinates. An official sued in his personal capacity cannot be liable under § 1983 on the theory of respondeat superior unless he was personally involved in the acts causing deprivation of a constitutional right or a causal connection exists between the act and the alleged constitutional violation. Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990).

Joseph failed to allege the deprivation of a constitutional right or that Smothers was personally involved or causally connected to any deprivation.

The district court did not abuse its discretion by dismissing as frivolous Joseph's claims against the defendants. Because the appeal is frivolous and without merit, it is DISMISSED.  5th Cir. R. 42.2.

We caution Joseph that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Joseph is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED; SANCTION WARNING GIVEN.